Case 4:21-cv-03595   Document 18   Filed on 10/31/22 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
November 01, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| JUDGE H.,[1] | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:21-cv-3595 |
| | § | |
| COMMISSIONER OF | § | |
| SOCIAL SECURITY, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM AND ORDER

Plaintiff Judge H. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act ("the Act").[2] Plaintiff filed a motion for summary judgment, Pl.'s MSJ, ECF No. 12. Plaintiff seeks an order remanding the case for an award of benefits or further consideration, arguing that substantial evidence does not

---

[1] The Court uses only Plaintiff's first name and last initial. See "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions," Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018).

[2] The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636 (c). Accordingly, the district judge to whom this case was assigned transferred it for all purposes, including trial and judgment. Order, ECF No. 6.

support the ALJ's Residual Functional Capacity ("RFC"), and it is the result of legal error. *Id.* at 5. In addition, Plaintiff argues that new evidence requires remand. *Id.* Defendant does not directly address Plaintiff's arguments but requests the Court reverse and remand the case to the Commissioner to update the record and conduct further proceedings. Def.'s Mot., ECF No. 17 at 1–2. Plaintiff does not oppose Defendant's motion. *Id.* at 3. Based on the record and the applicable law, Defendant's motion to reverse and remand should be granted.

I.  **BACKGROUND**

Plaintiff is 50 years old, R. 580,[3] and completed the 9th grade with special education services. R. 26, 1871. Plaintiff worked as a hydro blaster for one year. R. 26. Plaintiff alleges a disability onset date of June 1, 2017. R. 582. Plaintiff claims he suffers physical and mental impairments. R. 601, 1869.

On January 10, 2019, Plaintiff filed his application for disability benefits and Social Security income under Titles II and XVI of the Act. R. 580–89. Plaintiff claimed various physical and mental impairments, which became disabling on June 1, 2017. *Id.* The Commissioner denied his claim initially, R.467–70, and on reconsideration. R. 471–73.

Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ"). R. 386–425. An attorney represented Plaintiff at the hearing.

---

[3] "R." citations refer to the electronically filed Administrative Record, ECF No. 9.

R. 387. Plaintiff, his wife, and a vocational expert ("VE") testified at the hearing. R. 387–425. The ALJ issued a decision denying Plaintiff's claims for benefits, finding he was capable of light work.[4] R. 8–32. The Appeals Council denied Plaintiff's request for review, affirming the ALJ's denial of benefits. R. 1–7. Plaintiff filed this action, appealing the determination. ECF No. 1.

## II. REMAND IS APPROPRIATE.

Defendant requested the Court reverse and remand the ALJ's decision pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings and enter a final judgment. ECF No. 17 at 1. Defendant represents Plaintiff does not oppose the motion. *Id.* at 3.

---

[4] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step five. R. 27. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since his alleged onset date. R. 12 (citing 20 C.F.R. 404.1571 *et seq*. and 20 C.F.R. 416.971 *et seq.*). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease, cirrhosis, obesity, bipolar disorder, and post-traumatic stress disorder. R. 14 (citing 20 C.F.R. 404.1520(c) and 20 C.F.R. 416.920(c)). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 14–17 (referencing 20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). The ALJ found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). R. 17–26. However, the ALJ added the limitations that Plaintiff could: frequently climb ramps and stairs; occasionally climb ladders, ropes, and scaffolds; occasionally stoop and crawl; could understand, remember, and carry out simple instructions; use judgment to make simple, work-related decisions; adapt to occasional changes in a routine work setting; and frequently interact with supervisors, coworkers, and the general public. R. 17. At step four, the ALJ determined that Plaintiff is unable to perform past relevant work as a hydro blaster. R. 26. At step five, based on the testimony of the vocational expert and a review of the record, the ALJ concluded that considering the Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including office cleaner, hardware assembler, and laundry folder. R. 26–27. Therefore, the ALJ concluded that Plaintiff was not disabled. R. 27.

A district court, reviewing final agency decisions on Social Security benefits, may remand only pursuant to sentence four[5] or sentence six[6] of § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). A sentence four remand "authorizes a court to enter a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (quoting § 405(g), sentence four) (quotations removed). Also, for a sentence four remand, the district court has the power to enter the order "upon the pleadings and transcript of record." 42 U.S.C. 405(g).

"The Supreme Court has noted that a remand for further administrative proceedings, such as the requested remand in the instant case, is a sentence four remand." *Fitzgerald v. Kijakazi*, No. 7:21-CV-00148, 2022 WL 1037461, at *4 (S.D. Tex. Mar. 29, 2022), *report and recommendation adopted*, No. CV M-21-148, 2022 WL 1028074 (S.D. Tex. Apr. 5, 2022) (where the defendant requested reversal and remand for further administrative proceedings (citing *Shalala*, 509 U.S. at 298;

---

[5] Sentence four provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g), sentence four.

[6] Sentence six provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. § 405(g), sentence six. A sentence six remand "may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala*, 509 U.S. at 297 n.2 (citing § 405(g), sentence six). Because the Commissioner already answered, ECF No. 8, and has not presented any new evidence, ECF No. 12, sentence six is not applicable here.

*Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990))). A sentence four remand requires entry of a judgment. *Id.* (citing *Shalala*, 509 U.S. at 297–98; *Luna v. U.S. Dep't of Health & Human Servs.*, 948 F.2d 169, 172 (5th Cir. 1991)).

Here, Defendant requests reversal and remand for further proceedings and entry of a final judgment. ECF No. 17 at 2–3. A request for reversal and remand based on a request for further administrative proceedings is equivalent to the need for further factfinding and is thus proper pursuant to § 405(g). *Fitzgerald*, 2022 WL 1037461, at *4. Therefore, pursuant to § 405(g), reversal and remand are proper along with entry of a final judgment.

## III.   CONCLUSION

Accordingly, it is **ORDERED** that Defendant's motion to reverse and remand, ECF No. 17, is **GRANTED**. It is further **ORDERED** that the Commissioner's determination that Plaintiff is not disabled is **REVERSED** and this case is **REMANDED** to the Commissioner for further proceedings. It is further **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 12, is **DENIED** as moot, and Plaintiff's Complaint, ECF No. 1, is **DISMISSED without prejudice**.

Signed at Houston, Texas, on October 31, 2022.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**